STATE OF MAINE                                    SUPERIOR COURT
KENNEBEC, SS.                                     CRIMINAL ACTION
                                                  Docket No.   CR-09-769
                                                  DHM- KEN - 1/19/2010

STATE OF MAINE

    v.                                            **ORDER**

ROBERT W. WILLIAMS,

        Defendant

This matter is before the court on defendant's motion to suppress. Defendant is under indictment for gross sexual assault (Class A) and unlawful sexual contact (Class B).

By way of background regarding the relationship of the investigating officer to the defendant, on March 6, 2009, the investigating officer and another State trooper met with the defendant at his home to arrange for a polygraph examination to be conducted on April 6, 2009. The defendant, however, did not appear for the appointment. In response to a report of suicidal ideation on the part of the defendant, the officers went to the defendant's residence. The officers observed the defendant, under the influence, lying on a sofa or bed, with a loaded rifle. The officers ordered the defendant out of the residence at gun point and took him to the hospital.

On June 5, 2009, the investigating officer contacted the defendant and made arrangements to interview him at his residence. Upon arriving at the defendant's home, the officer invited the defendant to sit with him in the cruiser parked in the driveway, saying "now we need to talk about what happened." In the cruiser, at the time, behind an animal cage, was the officer's K-9, one German Shepard weighing 95

pounds. A video tape camera was affixed in the cruiser looking forward out the windshield and it was activated in order to obtain an audio tape of this interview.

The court has heard the sworn testimony of the officer in question, and the sworn testimony of the defendant. The court has also listened to the audio tape interview in its entirety, which lasted approximately one hour and fourteen minutes. The court heard both individuals enter the cruiser and heard the officer tell the defendant that he was not under arrest. There was no legal counsel present. The officer made it clear to the defendant that he knew that the situation weighed heavily on the defendant's mind and that condition would continue until he told him the full story. The officer made it clear that the interview would continue until he received the entire truth.

It is clear from the nature of the discussion that the officer had reason to believe that the victim complained of participation in oral sex. It is equally clear that the defendant was generally describing improper conduct, which he regretted, but he refused on every occasion to admit, then completely denied, any oral-genital contact. In spite of the persistent assertion by the officer that he believed there was oral-genital contact, the defendant was equally persistent that such did not take place. The defendant freely admitted to other inappropriate contact with the child.

Toward the end of this interview, the officer engaged in a discussion without mention of oral-genital contact, and received admissions from the defendant as to the details of what took place.

The court has considered all the evidence including the most credible information in the case in light of the standards of *State v. Hassan*, 2007 ME 77, 925 A.2d 625. The testimony and the video tape are clear that the individuals carried on the

discussion in the front seat of a State police cruiser just a few feet from the door to the defendant's residence. There were no other persons in the area.

The officer initiated the contact without evidence of threat.

It would appear from the discussion that the officer had probable cause to arrest the defendant. This was never specifically stated to the defendant because there never was any denial by the defendant of inappropriate conduct including clear expressions of remorse on the part the defendant with respect to that conduct. It was further clear that the only issue was whether or not the defendant would admit to oral-genital contact.

Nothing in the words of the officer or the responses by the defendant suggested in any fashion that the defendant would have reason to perceive that he was not free to leave the cruiser. The defendant's conduct did not manifest, in any way, an apprehension as to his ability to leave or to otherwise participate in the discussion.[1]

There was no question that the defendant was the focus of the investigation or that defendant was in any way denying that he was justifiably subject to the investigation.

The surroundings were obviously familiar as they were in very close proximity to defendant's residence.

There was only a single law enforcement officer present unless one considers the K-9 to be in that category. As will be discussed, the role of the K-9 is substantially less than that asserted by defendant.

There was no physical restraint at any time imposed upon the defendant. The officer admits touching the defendant on the shoulder in order to gain his confidence

---

[1] The court uses the term "discussion" because that is what the court concludes was the nature of the dialogue.

3

and to console him. Even though defendant described the same as a squeeze by way of intimidation, there is no evidence to support that argument.

Finally, the court finds the length of the discussion and the character of the discussion to be exactly that, a discussion between the officer and the defendant over whether there was oral-genital contact as part of the incident being investigated.

There were occasions when the dog barked, and it has been suggested that the presence of the large animal and its barking created a sense of intimidation of the officer in the defendant. Not only was such intimidation not evident in any way, but on at least two occasions when the dog barked, the defendant was speaking at the same time and there was not the slightest halter or hint in his speech that would indicate he was reacting to or disturbed by the barking. It has been suggested that the defendant was denied the opportunity to leave the cruiser because he was uncomfortable, however, the tape makes it clear that he expressed to the officer that he was cold and the officer immediately responded that he would turn down the air conditioner. No further mention of the issue appears. On one occasion the defendant made reference to smoking, however, it was suggested that he was denied the right to leave the cruise in order have a cigarette. The actual discussion was that he was smoking more since the incident in question and the subsequent investigation.

Finally, the most telling indication of all the evidence of the nature of the relationship between the officer and the defendant during the course of this communication is the manner in which the interview ended. The officer and the defendant agreed that there is no dispute on the underlying accusations except the matter of oral-genital contact and they negotiated a deal in a courteous fashion that the defendant would voluntarily undertake a polygraph examination on the single question

4

of whether or not his genitals touched the mouth of the victim. They had a cordial parting with the understanding that the officer would schedule the examination without delay and notify the defendant who would attend under the limitation as agreed.

The entry will be:

The defendant's motion to suppress is DENIED.

DATED: /- /9- 6

Donald H. Marden
Active Justice, Superior Court

  vs
ROBERT W WILLIAMS
29 ROWE ROAD
WINDSOR ME 04363

DOB: 01/29/1957
Attorney: JAMES BILLINGS
         LIPMAN & KATZ & MCKEE, PA
         227 WATER STREET
         PO BOX 1051
         AUGUSTA ME 04332-1051
         APPOINTED 10/07/2009

Filing Document: INDICTMENT
Filing Date: 09/18/2009

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CR-2009-00769

**DOCKET RECORD**

State's Attorney: EVERT FOWLE

Major Case Type: FELONY (CLASS A,B,C)

## Charge(s)

1   **GROSS SEXUAL ASSAULT**                    01/28/2007 WINDSOR
**Seq 10932 17-A  253(1)(C)**          Class A
    **PORTER              / MSP**

2   **UNLAWFUL SEXUAL CONTACT**                 01/28/2007 WINDSOR
**Seq 10933 17-A  255-A(1)(E-1)**      Class B
    **PORTER              / MSP**

## Docket Events:

09/18/2009 FILING DOCUMENT -  INDICTMENT FILED ON 09/18/2009

           TRANSFER -  BAIL AND PLEADING GRANTED ON 09/18/2009

           TRANSFER -  BAIL AND PLEADING REQUESTED ON 09/18/2009

09/18/2009 BAIL BOND - $10,000.00 CASH BAIL BOND SET BY COURT ON 09/18/2009
           DONALD H MARDEN , JUSTICE
           NO CONTACT W/ADRIANNA COOK AND FAMILY AND NOT TO ENTER PLACE OF RESIENCE OR PLACE OF
           EDUCATION, NO UNSUPERVISED CONTACT W/CHILDREN UNDER 18.
09/18/2009 WARRANT -  ON COMP/INDICTMENT ORDERED ON 09/18/2009
           DONALD H MARDEN , JUSTICE
09/18/2009 WARRANT -  ON COMP/INDICTMENT ISSUED ON 09/18/2009

           CERTIFIED COPY TO WARRANT REPOSITORY
09/21/2009 WARRANT -  ON COMP/INDICTMENT EXECUTED ON 09/21/2009

09/21/2009 Charge(s): 1,2
           HEARING -  ARRAIGNMENT SCHEDULED FOR 09/21/2009 @ 1:00

09/22/2009 Charge(s): 1,2
           HEARING -  ARRAIGNMENT HELD ON 09/21/2009
           JOHN  NIVISON , JUSTICE
           Defendant Present in Court

           READING WAIVED.  DEFENDANT INFORMED OF CHARGES.  COPY OF INDICTMENT/INFORMATION GIVEN TO

DEFENDANT. 21 DAYS TO FILE MOTIONS                    ER
09/22/2009 Charge(s): 1,2
        PLEA - NOT GUILTY ENTERED BY DEFENDANT ON 09/21/2009


09/22/2009 BAIL BOND - $5,000.00 CASH BAIL BOND SET BY COURT ON 09/21/2009
        JOHN  NIVISON , JUSTICE
        OR 50,000 SURETY, NO CONTACT WITH ADRIANNA COOK,JULIE BERLAN, AND NO CONTACT WITH ANY
        FEMALES UNDER 18 YEARS OF AGE
09/22/2009 BAIL BOND - $5,000.00 CASH BAIL BOND FILED ON 09/22/2009


        Bail Receipt Type: CR
        Bail Amt: $5,000
                                Receipt Type: CK
        Date Bailed: 09/22/2009    Prvdr Name: LLOYD  WILLIAMS
                                Rtrn Name: LLOYD  WILLIAMS


09/24/2009 WARRANT - ON COMP/INDICTMENT RETURNED ON 09/24/2009


09/28/2009 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 09/28/2009


09/30/2009 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 09/28/2009
        DONALD H MARDEN , JUSTICE
        COPY TO PARTIES/COUNSEL
09/30/2009 Party(s): ROBERT W WILLIAMS
        ATTORNEY - APPOINTED ORDERED ON 09/28/2009


        Attorney: RONALD BOURGET
10/07/2009 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 10/07/2009


        Attorney: RONALD BOURGET
10/09/2009 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 10/07/2009
        DONALD H MARDEN , JUSTICE
        COPY TO PARTIES/COUNSEL
10/09/2009 Party(s): ROBERT W WILLIAMS
        ATTORNEY - WITHDRAWN ORDERED ON 10/07/2009


        Attorney: RONALD BOURGET
10/09/2009 Party(s): ROBERT W WILLIAMS
        ATTORNEY - APPOINTED ORDERED ON 10/07/2009


        Attorney: JAMES BILLINGS
10/14/2009 MOTION - MOTION FOR EXTENSION OF TIME FILED BY DEFENDANT ON 10/13/2009


10/15/2009 MOTION - MOTION FOR EXTENSION OF TIME GRANTED ON 10/14/2009
        DONALD H MARDEN , JUSTICE
        COPY TO PARTIES/COUNSEL
10/23/2009 MOTION - MOTION TO AMEND BAIL FILED BY DEFENDANT ON 10/23/2009


10/23/2009 MOTION - MOTION FOR FUNDS FILED BY DEFENDANT ON 10/23/2009


10/23/2009 MOTION - MOTION TO SUPPRESS FILED BY DEFENDANT ON 10/23/2009


10/23/2009 MOTION - MOTION FOR DISCOVERY FILED BY DEFENDANT ON 10/23/2009

10/23/2009 MOTION -  MOTION TO PRODUCE DHS RECORD FILED BY DEFENDANT ON 10/23/2009

10/23/2009 HEARING -  MOTION TO SUPPRESS SCHEDULED FOR 12/09/2009 @ 9:30

       NOTICE  TO PARTIES/COUNSEL
10/23/2009 HEARING -  MOTION FOR DISCOVERY SCHEDULED FOR 12/09/2009 @ 9:30

       NOTICE  TO PARTIES/COUNSEL
10/28/2009 MOTION -  MOTION FOR FUNDS GRANTED ON 10/26/2009
       DONALD H MARDEN , JUSTICE
       COPY TO PARTIES/COUNSEL
10/30/2009 MOTION -  MOTION TO PRODUCE DHS RECORD GRANTED ON 10/29/2009
       DONALD H MARDEN , JUSTICE
       COPY TO PARTIES/COUNSEL
10/30/2009 HEARING -  MOTION TO AMEND BAIL SCHEDULED FOR 11/10/2009 @ 8:30

       NOTICE  TO PARTIES/COUNSEL
10/30/2009 HEARING -  MOTION TO AMEND BAIL NOTICE SENT ON 10/30/2009

11/10/2009 HEARING -  MOTION TO AMEND BAIL HELD ON 11/10/2009
       NANCY  MILLS , JUSTICE
       Attorney:  JAMES BILLINGS
       DA:  BRAD GRANT
       Defendant Present in Court
11/10/2009 MOTION -  MOTION TO AMEND BAIL DENIED ON 11/10/2009
       NANCY  MILLS , JUSTICE
       COPY TO PARTIES/COUNSEL
11/13/2009 Charge(s): 1,2
       MOTION -  MOTION TO COMPEL FILED BY DEFENDANT ON 11/13/2009

11/16/2009 MOTION -  MOTION FOR FUNDS FILED BY DEFENDANT ON 11/16/2009

11/16/2009 HEARING -  MOTION TO COMPEL SCHEDULED FOR 12/09/2009 @ 9:30

       NOTICE  TO PARTIES/COUNSEL
11/20/2009 MOTION -  MOTION TO COMPEL FILED BY DEFENDANT ON 11/20/2009

       Attorney:  JAMES BILLINGS
11/20/2009 HEARING -  MOTION TO COMPEL SCHEDULED FOR 12/09/2009 @ 9:30

       NOTICE  TO PARTIES/COUNSEL
11/23/2009 MOTION -  MOTION TO CONTINUE FILED BY DEFENDANT ON 11/23/2009

12/01/2009 MOTION -  MOTION TO CONTINUE GRANTED ON 11/25/2009
       NANCY  MILLS , JUSTICE
       COPY TO PARTIES/COUNSEL
12/01/2009 HEARING -  MOTION TO COMPEL CONTINUED ON 11/25/2009

12/01/2009 HEARING -  MOTION TO COMPEL SCHEDULED FOR 01/05/2010 @ 9:45

       NOTICE  TO PARTIES/COUNSEL
12/01/2009 HEARING -  MOTION TO COMPEL CONTINUED ON 11/25/2009

12/01/2009 HEARING - MOTION TO COMPEL SCHEDULED FOR 01/05/2010 @ 9:45

      NOTICE TO PARTIES/COUNSEL
12/01/2009 HEARING - MOTION FOR DISCOVERY CONTINUED ON 11/25/2009

12/01/2009 HEARING - MOTION FOR DISCOVERY SCHEDULED FOR 01/05/2010 @ 9:45

      NOTICE TO PARTIES/COUNSEL
12/01/2009 HEARING - MOTION TO SUPPRESS CONTINUED ON 11/25/2009

12/01/2009 HEARING - MOTION TO SUPPRESS SCHEDULED FOR 01/06/2010 @ 8:30

      NOTICE TO PARTIES/COUNSEL
12/17/2009 MOTION - MOTION TO COMPEL GRANTED ON 12/09/2009
      NANCY MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL
12/17/2009 Charge(s): 1,2
      MOTION - MOTION TO COMPEL GRANTED ON 12/09/2009
      NANCY MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL
12/17/2009 MOTION - MOTION FOR DISCOVERY GRANTED ON 12/09/2009
      NANCY MILLS , JUSTICE
      COPY TO PARTIES/COUNSEL
12/23/2009 HEARING - MOTION FOR DISCOVERY HELD ON 12/09/2009
      NANCY MILLS , JUSTICE
      Attorney: JAMES BILLINGS
      DA: PAUL RUCHA
      Defendant Present in Court
12/23/2009 HEARING - MOTION TO COMPEL NOT HELD ON 12/23/2009

12/23/2009 HEARING - MOTION TO COMPEL NOT HELD ON 12/23/2009

01/20/2010 HEARING - MOTION TO SUPPRESS HELD ON 01/06/2010
      DONALD H MARDEN , JUSTICE
      Defendant Present in Court
01/20/2010 MOTION - MOTION TO SUPPRESS UNDER ADVISEMENT ON 01/06/2010
      DONALD H MARDEN , JUSTICE
01/20/2010 MOTION - MOTION TO SUPPRESS DENIED ON 01/19/2010
      DONALD H MARDEN , JUSTICE
      COPY TO PARTIES/COUNSEL

A TRUE COPY
ATTEST: _____
           Clerk